UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>v.<br><br>BRANDON BECKFORD,<br><br>              Defendant. | **Criminal Action No. 22-00148 (JXN)**<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Brandon Beckford's ("Defendant") motion to withdraw his guilty plea, pursuant to Federal Rule of Criminal Procedure 11(d). (ECF No. 64). The United States of America (the "Government") filed an opposition (ECF No. 75). Having considered the parties' submissions, the Court decides the motion without oral argument. *See* L. Crim. R. 1.1; L. Civ. R. 78.1(b); *see also United States v. Thompson*, 48 F. App'x 24, 25 (3d Cir. 2002). For the reasons set forth below, Defendant's motion is **DENIED**.

### I.   BACKGROUND AND PROCEDURAL HISTORY

On April 9, 2021, a Plainfield police officer entered a tattoo shop located in Plainfield, New Jersey. (Criminal Complaint, ECF No. 1 ¶ 1). The police officer walked to the back of the business and saw the owner of the business and Defendant looking down at a table in front of them. (*Id.* at ¶ 2). Two firearms and a loaded magazine were on the table in front of them. (*Id.* at ¶ 3). When the officer questioned the individual and Defendant, Defendant allegedly told the officer that he was trying to sell guns to the owner of the business. (*Id.*). As the officer tried to arrest Defendant, he removed a small round item from his pants and discarded it to the side. (*Id.*). The police officer arrested Defendant and collected the small round item that he had discarded, which was later

1

confirmed to be approximately 100 pills containing fentanyl and nineteen baggies of cocaine. (*See id.*; Plea Hearing Transcript ("Tr.") at 30:1-25-32:1-25).

Prior to the April 9, 2021 incident, Defendant was previously convicted of narcotics distribution in the Superior Court of New Jersey, in violation of N.J.S.A. 2C:35-7, a crime punishable by imprisonment for a term exceeding one year. (Criminal Complaint at ¶ 7). Defendant was sentenced to three years' imprisonment for this offense. (*Id.*).

On February 25, 2022, Defendant pled guilty to a three-count Information charging: Count One, possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); Count Two, possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Count Three, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Tr. at 31:24-25-32:1-2; 32:23-25).

On October 24, 2024, Defendant filed the instant motion to withdraw his guilty plea. ("Def.'s Br.") (ECF No. 64). On March 14, 2025, the Government opposed. ("Opp. Br.") (ECF No. 75). This matter is now ripe for consideration.

## II.  LEGAL STANDARD

"[A] guilty plea is a grave and solemn act." *United States v. Wilson*, No. 22-0856, 2025 WL 1114647, at *6 (D.N.J. Apr. 15, 2025) (alteration in original) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "As a result, it is axiomatic that '[o]nce a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim.'" *Id.* (alteration in original) (quoting *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)); *see also United States v. Dumay*, No. 22-0306, 2024 WL 4370831, at *2 (D.N.J. Oct. 2, 2024) ("Withdrawal of a

guilty plea is 'inherently in derogation of the public interest in finality and the orderly administration of justice.'" (quoting *Brady*, 397 U.S. at 748)).

Federal Rule of Criminal Procedure 11(d)(2)(B) "provides that '[a] defendant may withdraw a plea of guilty . . . (2) after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal.'" *United States v. Wilder*, 134 F. App'x 527, 528 (3d Cir. 2005) (alterations in original) (quoting Fed. R. Crim. P. 11(d)). In determining whether a defendant has shown a "fair and just reason" for withdrawal, a district court must consider three factors: (i) "whether the defendant asserts his innocence"; (ii) "the strength of the defendant's reasons for withdrawing the plea"; and (iii) "whether the government would be prejudiced by the withdrawal." *Jones*, 336 F.3d at 252. "This analysis requires that a district court consider each factor, but critically, does not make any one mandatory such that failure to establish one will necessarily dictate rejection of the motion." *Wilder*, 134 F. App'x at 528.

"A defendant 'bears a substantial burden' in showing that withdrawal of a guilty plea is justified." *United States v. Berkowitz*, No. 22-1967, 2023 WL 2064510, at *3 (3d Cir. Feb. 17, 2023) (quoting *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011)); *see also Jones*, 336 F.3d at 252 ("The burden of demonstrating a 'fair and just' reason falls on the defendant, and that burden is substantial." (quoting *United States v. Hyde*, 520 U.S. 670, 676-77 (1997); *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1998))). Additionally, a "defendant has no absolute right to withdraw a guilty plea prior to sentencing." *United States v. Crowley*, 529 F.2d 1066, 1071 (3d Cir. 1976). "The granting of such a motion 'lies within the sound discretion of the trial court and its determination will only be disturbed where it has abused its discretion.'" *Id.* (quoting *United States v. Vallejo*, 476 F.2d 667, 669 (3d Cir. 1973)).

## III. DISCUSSION

Defendant argues his guilty plea should be withdrawn for the following reasons: (1) "he never confessed to selling or otherwise possessing the firearms that were recovered from the tattoo parlor" (*See* Def.'s Br. at 2; *see also* Certification of Brandon Beckford ("Beckford Cert."), ECF No. 64-1, Ex. A, ¶ 8)); (2) he pled guilty as "a way out of custody" because of the "[in]human[e] conditions" at the Essex County jail during the pandemic as well as due to isolation from his family and limited contact with his prior counsel (*Id.*; Beckford Cert., ¶ 5);[1] (3) he received ineffective assistance of prior counsel due to prior counsel's failure to: (i) provide Defendant with discovery; (ii) discuss the evidence with Defendant; (iii) investigate Defendant's case or discuss motions or potential defenses; (iv) adequately discuss the plea with Defendant or provide Defendant with a copy of the Rule 11 form; and (v) inform Defendant of the consequences of the career offender calculation or the appellate waiver provision. (Beckford Cert., ¶¶ 6-7).

The Government argues Defendant's certification does not support an assertion of innocence for the crimes he plead guilty to because Defendant's statement that he "never admitted that [he] was trying to sell guns or that they were [his]" since none of the elements for the charged offenses requires the Government to prove Defendant was selling or owned the guns. (Opp. Br. at 3). The Government notes Defendant's allocution and signed plea application demonstrate his acknowledgement of guilty which directly contradicts his assertion of innocence. (*Id.* at 4-5). The Government further argues Defendant's plea was knowing, intelligent, and voluntary as demonstrated through the plea colloquy, in which Defendant particularly stated he was not pleading guilty due to uncertainty regarding a future trial date because of the pandemic. (*Id.* at 6). Additionally, the Government argues Defendant's ineffective assistance of counsel assertion is

---

[1] The Court notes that in Defendant's certification is missing the paragraph between four and six is missing the number five. For clarity, the Court identifies Defendant's averments in this paragraph as paragraph 5.

4

belied by the record and the plea colloquy. (*Id.* at 8-11). The Government also asserts it would be prejudiced by Defendant's withdrawal of his guilty plea. (*Id.* at 11). The Court agrees.

### A. Assertion of Innocence

The first *Jones* factor is whether the defendant asserts his innocence. *Jones*, 336 F.3d at 252. However, "[b]ald assertions of innocence . . . are insufficient to permit a defendant to withdraw [his] guilty plea." *United States v. Kwasnik*, 55 F.4th 212, 217 (3d Cir. 2022) (second and third alterations in original) (quoting *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001)). Rather, "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (quoting *Brown*, 250 F.3d at 818). This "first factor requires a defendant both to proclaim his innocence and to fortify this assertion by identifying exculpatory evidence in the record." *United States v. Brooks*, 431 F. App'x 95, 98 (3d Cir. 2011); *see also United States v. Cannistraro*, 734 F. Supp. 1110, 1121 (D.N.J.), *aff'd sub nom.*, 919 F.2d 133 (3d Cir. 1990), and *aff'd*, 919 F.2d 137 (3d Cir. 1990) ("Mere assertions of innocence unfounded on 'specific evidence' do not constitute a fair and just reason to withdraw a guilty plea.") (citations omitted); *United States v. D'Amelio*, No. 01-5412, 2002 WL 1067769, at *2 (E.D. Pa. May 24, 2002) ("[A] defendant's mere assertion of innocence is not a sufficient ground for withdrawal of a guilty plea. A defendant's assertion[ ] of innocence must be credible to warrant the vacating of a validly entered guilty plea.") (citation omitted).

"A defendant must also 'give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea.'" *Berkowitz*, 2023 WL 2064510, at *3 (quoting *Kwasnik*, 55 F.4th at 217). "This is so because '[a] plea of guilty is a statement under oath, not a stopgap option to be discarded when it is no longer useful.'" *Wilson*, 2025 WL 1114647, at *6 (alteration in original) (quoting *United States v. Ho-*

5

*Man Lee*, No. 13-0029, 2015 WL 1954600, at *12 (D.N.J. Apr. 28, 2015)). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Jones*, 336 F.3d at 252 (citations omitted).

Here, while Defendant now asserts that he is not guilty of the charged offenses (*see* Beckford Cert., ¶ 8) to which he previously pled guilty under oath (*see generally* Tr.), the Court finds this is an unsupported claim of innocence. Defendant's statement: "I never admitted that I was trying to sell guns or that they were mine" (Beckford Cert., ¶ 8), does not assert his innocence for the three counts he was charged with.[2] First, Defendant was neither charged with, nor plead

---

[2] The Court weighs Defendant's declaration against other evidence in the record, including Defendant's own contrary statements made under oath during the plea hearing, which statements "made under oath in open court[ ] 'carry a strong presumption of verity.'" *Bonner v. United States*, No. 10-0354, 2010 WL 3419437, at *6 (W.D. Pa. Aug. 26, 2010) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see also United States v. James*, 928 F.3d 247, 256 (3d Cir. 2019) (stating factual admissions made under oath during a plea colloquy "carry a strong presumption of verity" (quoting Blackledge, 431 U.S. at 74)). "Assertions of innocence are entitled to little weight when a defendant has credibly admitted guilt through sworn testimony at a prior proceeding." *United States v. Daniels*, No. 06-0010, 2007 WL 709326, at *3 (W.D. Pa. Mar. 2, 2007) (citing *United States v. Trott*, 779 F.2d 912, 915 (3d Cir. 1985)). Here, the Court went through a thorough and extensive plea colloquy with Defendant, including detailed questions to establish the factual basis for the charges in the Criminal Complaint, to ensure that it was satisfied that Defendant knowingly, voluntarily, and intelligently pled guilty to the charged offenses. (*See* Tr.). The Court assessed Defendant's demeanor during the plea hearing and did not note any hesitation or equivocation from Defendant, particularly during the factual basis questions; indeed, nothing about the circumstances surrounding Defendant's guilty plea suggests that it was invalid, not credible, or entered involuntarily or unintelligently. Accordingly, the Court does not find Defendant's assertion of innocence supported by sufficient evidence. Rather, the record before the Court, and particularly the extensive Rule 11 plea colloquy with Defendant, establishes that Defendant pled guilty of his own free will and was not coerced or threatened to do so. *See United States v. Mollica*, 284 F. App'x 990, 995 (3d Cir. 2008) (affirming denial of a defendant's motion to withdraw guilty plea, finding that "[g]iven [the defendant's] inconsistent testimony and the absence of evidence in the record–other than his own statements–supporting his claims of innocence, the [d]istrict [c]ourt did not abuse its discretion in finding [his] claims regarding his innocence unpersuasive"); *see also United States v. Stamm*, 755 F. App'x 190, 193-94 (3d Cir. 2018) (affirming denial of a defendant's motion to withdraw guilty plea, finding: "We perceive no error in that denial. [The defendant] does not highlight any specific way in which the [d]istrict [c]ourt abused its discretion, and our review of the record reveals none. Rather, the record shows that in weighing 'the strength of [the defendant's] reasons for withdrawing [his] plea' and [his] 'assert[ion] [of] his innocence,' the [d]istrict [c]ourt considered testimony from both [the defendant] and [the defendant's] attorney that supported its ultimate decision. That decision depended in part on a credibility assessment that led the [d]istrict [c]ourt to believe the account of [the defendant's] attorney over that of [the defendant]. The [d]istrict [c]ourt was best positioned to assess that conflicting testimony, and the record presents no reason to question its assessment.") (some alterations in original); *cf. Bonner*, 2010 WL 3419437, at *6 ("Petitioner's belated claims of dissatisfaction with his counsel and that his plea was 'involuntary' [we]re directly refuted by his own sworn statements in the record, as well as by the court's findings . . . . The record indicates that petitioner understood what he was agreeing to at the time of his guilty plea and that he was aware of the alternative actions that were available. Nothing about the circumstances surrounding his guilty plea suggests that it was invalid.").

6

guilty to selling firearms. Rather, he was charged with knowingly possessing a firearm which he admitted during the plea. (Tr. 30:24-31:7). Second, his disavowal that the firearm belonged to him is unavailing because there are several theories of possession, including *inter alia*: joint or constructive possession. (*See* Third Circuit Model Criminal Jury Instruction 6.18.922G-4, Firearm Offenses – Knowing Possession Defined ("To 'possess' means to have something within a person's control . . . . Proof of ownership of the firearm is not required."). Third, never *confessing or admitting* to selling or owning the firearms recovered is distinguishable from asserting innocence. *United States v. Cox*, 553 F. App'x 123, 127 (3d Cir. 2014) (affirming district court's denial of defendant's motion to withdraw plea because defendant "failed to state affirmatively his innocence, present facts to support such an assertion, or explain why he admitted, during the earlier plea colloquy" that he committed the crime). "Indeed, a defendant's claim of innocence fails where he does not deny that he committed the offense." *United States v. Patino*, No. 22-0031, 2025 WL 1617564, at *4 (D.N.J. June 6, 2025) (citation omitted).

Moreover, even if the Court were to take Defendant's assertion of innocence as true, Defendant has failed to sufficiently explain why he took a contradictory position before this Court and why it should now grant him permission to withdraw his guilty plea. *See Berkowitz*, 2023 WL 2064510, at *3 (citation omitted); *Ho-Man Lee*, 2015 WL 1954600, at *13 (denying a defendant's motion to withdraw guilty plea where the court, among other things, found "no adequate explanation for [the defendant's] prior statements under oath that he had committed the offense knowingly and without authority" and noting the defendant's "lack of a sufficient explanation for his plea of guilty undermine[d] the credibility of [his] post-plea assertion of innocence") (citing cases). Defendant's unexplained and unsupported assertion of innocence now is insufficient to justify withdrawal of his guilty plea. *See, e.g., United States v. Muldrow*, No. 20-0014, 2022 WL

7

356559, at *7 (E.D. Pa. Feb. 7, 2022) (denying a defendant's motion to withdraw his guilty plea where the court found the defendant "fail[ed] to adequately explain why he swore to a different position at his plea colloquy," "fail[ed] to buttress his bald assertion of innocence with facts," and "otherwise fail[ed] to establish strong reasons to withdraw his plea"); *Ganuza*, 2007 WL 3391429, at *2 (finding defendant "failed to meaningfully assert his innocence" where he argued that he was "legally innocent due to violations of his Fourth, Fifth, and Sixth Amendment rights" but did not dispute or present any evidence to show that he denied possessing with intent to distribute a certain amount of cocaine) (citations omitted); *see also United States v. Bruno*, 614 F. App'x 72, 74 (3d Cir. 2015) (affirming district court's denial of a defendant's motion to withdraw his guilty plea where the district court concluded that the defendant "had failed to make an adequate factual showing to buttress his claims of innocence, that he had a sufficient understanding of the charge when he pleaded guilty, and that the collateral consequence of losing his pension was not a sufficient reason to permit him to withdraw his plea"). "Indeed, Courts routinely find that an assertion of innocence weighs against permitting a defendant to withdraw a guilty plea when a defendant has failed to provide the critical explanation of why a contradictory position was taken at a plea hearing." *Wilson*, 2025 WL 1114647, at *8 (citing cases). Accordingly, the first factor weighs against Defendant.

### B. Defendant's Reasons for Withdrawal

The second *Jones* factor is the strength of the defendant's reasons for withdrawing his plea. *Jones*, 336 F.3d at 252. "In order for a guilty plea to be valid, it must 'represent[ ] a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Jones*, 336 F.3d at 253 (alteration in original) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). "Due process requires that a guilty plea be voluntary, that is, that a defendant be advised of and understand the

8

direct consequences of a plea." *United States v. Bruno*, No. 11-0015, 2014 WL 2895415, at *13 (W.D. Pa. June 25, 2014) (citation omitted). However, "[t]here is no due process requirement that a defendant be advised of adverse collateral consequences of pleading guilty, even if they are foreseeable." *Id.* (citing *Livingston v. Pitkins*, No. 09-1278, 2012 WL 3011786, at *7 (M.D. Pa. July 23, 2012)). "A collateral consequence is one that is not related to the length or nature of the sentence imposed on the basis of the plea." *United States v. Romero-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (citing *Kincade v. United States*, 559 F.2d 906, 909 (3d Cir. 1977) (per curiam)).

"A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." *Jones*, 336 F.3d at 253-54 (citations omitted); *see also Marte v. United States*, No. 13-7259, 2015 WL 3629540, at *4 (D.N.J. June 10, 2015) ("Claims of ineffective assistance of counsel under the Sixth Amendment are governed by the two-prong test set forth by the Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must first show that 'counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.' Second, a petitioner must show that counsel's deficient performance prejudiced his defense such that counsel's errors were so serious as to 'deprive [the petitioner] of a fair trial . . . whose result is reliable.'" (alterations in original) (citations omitted)). "To satisfy the prejudice requirement in the guilty plea context, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Evola v. Att'y Gen. of U.S.*, 190 F. App'x 171, 175 (3d Cir. 2006) (quoting *Hill*, 474 U.S. at 59).

Here, Defendant is requesting withdrawal of his guilty plea because he received ineffective assistance of counsel from his former counsel as well as the uncertainty of the pandemic. (Def.'s Br. at 2; Beckford Cert., ¶¶ 5, 8). Defendant has not shown that his former counsel's advice was "under all the circumstances unreasonable under prevailing professional norms," nor has he shown he has suffered sufficient prejudice as a result. *See Jones*, 336 F.3d at 253-54 (citations omitted). While Defendant now asserts prior counsel "rushed [him] through the plea process" and that Defendant was unaware that he faced 327 months and that if he knew he waived his right to appeal he would have not pled guilty (Def.'s Br. at 2), these assertions are belied by both Defendant's Rule 11 application and his testimony under oath at the plea hearing before this Court, in which he indicated that he had an opportunity to discuss everything with prior counsel and that he was satisfied with prior counsel's representation:

> THE COURT: "So with regard to your application, the Court has a copy of the Rule 11 form, which was signed on February 25th and certified by defense counsel on February 25th. Mr. Beckford, did you review all the questions with counsel before you signed the form?"
>
> THE DEFENDANT: "Yes, I have. Yes, I did."
>
> (Tr. 26:19-25).
>
> THE COURT: "Have you discussed the sentencing guidelines with your attorney?"
>
> THE DEFENDANT: "I have. Yes, I have."
>
> (Tr. 23:4-6).

THE COURT: "Has he explained to you the various considerations that go into determining what guidelines are going to apply?"

THE DEFENDANT: "Yes, he has."

(Tr. 23:7-10).

THE COURT: "Did you discuss the effect of this waiver of appeal and your waiver of your right to file for postconviction relief with your attorney?"

THE DEFENDANT: "I did. Yes, I have."

(Tr. 25:21-24).

THE COURT: "Are you satisfied with the explanation that your attorney provided?"

THE DEFENDANT: "Yes, I am."

(Tr. 25:25-26:2).

. . . .

THE COURT: "Did you have an opportunity to read and discuss the plea bargain letter with your lawyer before you signed it?"

THE DEFENDANT: "Yes, I did."

(Tr. 13:6-9).

THE COURT: "Before you signed it, did you, in fact, read it?"

THE DEFENDANT: "I did."

(Tr. 13:10-12).

11

>THE COURT: "Do you feel with the explanation and advice of your counsel that you fully understand all the terms of the plea bargain letter?"
>
>THE DEFENDANT: "Yes."
>
>(Tr. 14:20-23).

Additionally, during Defendant's plea colloquy, the Court ensured Defendant was not pleading guilty due to uncertainty of future trial dates because of the pandemic:

>THE COURT: "Do you understand that although we are unable to proceed with the trial at the current moment because of the pandemic, we would be able to afford you a jury trial at a later date? Do you understand that?"
>
>THE DEFENDANT: "I do understand that, also."
>
>(Tr. 12:9-13).
>
>THE COURT: "So you are not pleading guilty today because you think you will not get a jury trial because of the pandemic?"
>
>THE DEFENDANT: "Yes. Yes. Yes."
>
>(Tr. 12:14-17).
>
>THE COURT: "Has anyone made any other promises or assurances to you of any kind in an effort to induce you to enter into a plea of guilty in this case?"
>
>THE DEFENDANT: "No."
>
>(Tr. 15:11-14).

> THE COURT: "Has anyone attempted to in any way force you to plead guilty in this case?"
>
> THE DEFENDANT: "No."
>
> (Tr. 15:15-17).
>
> THE COURT: "Are you pleading guilty of your own free will because you are guilty?"
>
> THE DEFENDANT: "Yes."
>
> (Tr. 15:18-20).

Accordingly, the second factor weighs against Defendant.

### C. Prejudice to the Government

The third *Jones* factor is whether the government would be prejudiced by the defendant's withdrawal. *Jones*, 336 F.3d at 252. "However, the government is not required to show prejudice if the defendant has not met the burden of establishing a basis for withdrawal of his guilty plea." *Ganuza*, 2007 WL 3391429, at *3 (citations omitted).

Here, Defendant contends any prejudice is minimal. (Def.'s Br. at 2). The Government asserts that because the Defendant is "unable to support claims of actual innocence or present adequate reasons for withdrawal of [his] guilty plea[], the government is not required to show prejudice." (Opp. Br. at 11 (citing *United States v. Schwartz*, 403 F. App'x 781, 786 (3d Cir. 2010) (citing *Wilson*, 429 F.3d at 460 n.5)). Additionally, the Government asserts that the offense happened approximately four years ago, which would require the Government to identify witnesses and invite numerous other defendants to seek similar relief. (*Id.*).

Based on the Court's analysis of the other *Jones* factors, the Court finds Defendant has not satisfied his substantial burden to show that there is a "fair and just reason" for withdrawal of his

plea of guilty, and thus the Government does not need to show prejudice. *See Dumay*, 2024 WL 4370831, at *4 ("Because [d]efendant has not 'demonstrate[d] sufficient grounds for withdrawing the plea, the Government is not required to show prejudice.'") (second alteration in original) (citations omitted); *Ganuza*, 2007 WL 3391429, at *3 (same); *see also United States v. Burrell*, No. 22-0294, 2025 WL 639332, at *4 (E.D. Pa. Feb. 27, 2025) (declining to assess potential prejudice to the Government and denying a defendant's motion to withdraw her guilty plea based on her "failure to establish that her plea withdrawal request is supported by a sufficient assertion of innocence and adequate reasons for the withdrawal"). However, even if that were not the case, the Government could show prejudice in the form of the passage of time, "[i]ncreased cost and inconvenience to the [G]overnment," and "the diminished memory and incentive to cooperate of Government witnesses." *Wilson*, 2025 WL 1114647, at *11 (first alteration in original) (citations omitted). Accordingly, the third factor weighs against Defendant.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion to withdraw his guilty plea (ECF No. 64) is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: October 6, 2025

JULIEN XAVIER NEALS
United States District Judge